## VESEY *v.* OCKINGTON.

If the sum secured by a mortgage be greater than that named in the consideration of the conveyance with accruing interest, the fact affords no evidence that the difference was usury.

If usury be reserved by the condition of a mortgage of chattels, to an amount equal to one third the sum justly due, the mortgager can not for that cause avoid the sale, but the chattel may be taken and retained by the mortgagee for the sum justly due.

TRESPASS for taking the plaintiff's cow. The defendant justified under a mortgage of the cow made by the plaintiff to the defendant, for the consideration of $7.50, with condition to pay the defendant $10 by the first day of June then next ensuing. The defendant also offered evidence to show that the plaintiff had at sundry times said to the defendant and others that he should have the cow or the money according to the mortgage.

The plaintiff offered evidence tending to show, that about the last of June 1843 he tendered to the defendant $8, in full discharge of the mortgage, but he refused to receive it unless the defendant would pay or secure to him payment for three or four days' work which was due to him, but he did not say whether the days' work were

secured by the mortgage or not; and thereupon the plaintiff gave the money to one John B. Crown, of whom he had borrowed it for the purpose of paying to the defendant; and told the defendant when he wanted it, to call on Crown for it.

He also contended that as the consideration of the mortgage was only $7.50, and the sum secured by the condition was $10, it was evidently a usurious contract, and therefore void.

It appeared that after the plaintiff's offer to pay the defendant, the latter told him that he was pressed for money, and wanted it, and the plaintiff replied that he should have it soon. But it did not appear that the defendant had applied to Crown for it.

The court instructed the jury, that if they believed the sum of ten dollars named in the condition of the mortgage, was secured for only $7.50 loaned at the time of the mortgage, and did not include the work or some other claim, the contract was usurious and the contract void. Also if they found that the plaintiff about the last of June tendered the defendant the actual amount of the debt and lawful interest due at the time, the defendant would have no right to take the cow until a subsequent demand of the money and a refusal of the plaintiff to pay it.

No other evidence was offered to prove the usury, than the deed of mortgage itself containing the usual affidavits of the parties.

The jury returned a verdict for the plaintiff, and the defendant moved to set the same aside and for a new trial.

*Wells*, for the defendant, cited 5 Pick. 59; 6 do. 209.

*Cooper*, for the plaintiff.

WOODS, J. The plaintiff in this suit in consideration of $7.50, as stated in the deed, conveyed to the defendant

a cow, with condition that the deed should be void if he paid within a time therein limited, the sum of ten dollars to the defendant.

Upon a suggestion of usury, without other proof than is contained in the deed, the jury were instructed that if they believed that the sum of ten dollars named in the condition was for nothing else than the $7.50 named as the consideration, the contract was usurious.

Such a construction was not warranted by the evidence, which had really no legal tendency to show that the ten dollars secured were for the $7.50 lent; nor did the evidence show any thing further than that the larger sum was admitted by the parties to be due, and that a chattel admitted to have been sold for the smaller sum to the defendant, might be redeemed by the plaintiff upon the payment of the larger.

All this afforded no evidence that the ten dollars due was agreed to be paid for the seven dollars and fifty cents lent, or that any such sum was lent.

Besides, if the sum of $7.50 named as the consideration of the conveyance, be assumed to be the sum lent, and the difference between that with the accruing interest, and the sum of ten dollars secured, be assumed to be usurious, it would not enable the plaintiff to avoid his deed of sale and to maintain this action. There was the sum of $7.50, with lawful interest, justly due, for which the defendant had the undoubted right to detain the chattel. There is no law that provides for the forfeiture of the sum loaned by reason of the exaction of usury, or including it in the same security with the sum justly due, under circumstances like the present.

The verdict must therefore be set aside.

The questions arising upon the sufficiency of the tender, and upon its effect as to enabling the plaintiff to maintain this action, do not require under the present circumstances to be determined.

*New trial granted.*